**HAK KIM; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 06–72370, 06–74024.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2011.*

Filed June 20, 2011.

Alex C. Park, Esquire, Santa Clara, CA, for Petitioners.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, Margaret Kuehne Taylor, DOJ–U.S.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

624

Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Hak Kim, Kyung Ja Kim, Jee Sun Kim, and Jay Hyok Kim, natives and citizens of the Republic of Korea, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's removal order and denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

Petitioners' challenge to the agency's finding of removability fails because they conceded they were removable as charged in immigration court. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir.2008) ("[W]here the alien concedes removability, the government's burden in this regard is satisfied.") (citation and quotation omitted).

Petitioners' contention that the government should be equitably estopped from ordering their removal is unavailing. *See Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000) ("[E]stoppel against the government is unavailable where petitioners have

not lost any rights to which they were entitled."); *cf. Salgado–Diaz v. Gonzales*, 395 F.3d 1158, 1165–68 (9th Cir.2005).

The BIA did not abuse its discretion in denying petitioners' motion to reopen because an immigrant visa was not immediately available to Kyung Ja Kim. *See* 8 U.S.C. § 1255(a) (stating that "an immigrant visa [must be] immediately available to the alien at the time the application [for adjustment of status] is filed").

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).